UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMAAD BISHOP, *in propria persona*,

                              Plaintiff,

                    v.

BEST BUY, CO. INC., (FICT) BEST BUY CO. OF
MINNESOTA, PETER TROUPAS, in his individual
and official capacity as General Manager of Best Buy,
1280 Lexington Avenue, NY, NY 10028, RICARDO
QUILES, in his individual and official capacity as
LPT of Best Buy, 1280 Lexington Avenue, NY,
NY 10028, BRIAN PLACEK, in his individual
and official capacity as Sales Manager of Best Buy,
1280 Lexington Avenue, NY, NY 10028, BRIAN
LEGISTER, in his individual and official capacity as
Sales Manager of Best Buy, 1280 Lexington Avenue,
NY, NY 10028, CARL LARSEN in his individual
and official capacity as LP Team Leader of Best Buy,
1280 Lexington Avenue, NY, NY 10028, THE CITY
OF NEW YORK, SERGEANT GREEN, in her
individual and official capacities of the 19th Precinct
of the New York City Police Department, POLICE
OFFICER GREEN, in her individual and official
capacities of the 19th Precinct of the New York City
Police Department, POLICE OFFICER MORALES,
in her individual and official capacities of the 19th
Precinct of the New York City Police Department, and
Unknown Police Officers of the City of New York
Police Department, whose names are unknown at
this time,

                              Defendants.

---

08 Civ. 8427 (LBS)

**MEMORANDUM
& ORDER**

SAND, J.

        Before the Court are Plaintiff Samaad Bishop's Motion for Reconsideration of

this Court's October 13, 2010 Order deciding Defendants' motions to dismiss; Plaintiff's

Motion for Certification of the Order for interlocutory appeal to the United States Court

of Appeals for the Second Circuit; and a separate motion for reconsideration filed by

Defendants Best Buy Co., Inc., (Fict) Best Buy Co. of Minnesota, Peter Troupas, Ricardo

Quiles, Brian Placek, Brian Legister, and Carl Larsen ("Best Buy Defendants").

For the following reasons, Plaintiff's motion for reconsideration is denied.

Defendants' motion for reconsideration is granted in part and denied in part.  Plaintiff's

Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth,

Nineteenth, Twentieth, Twenty-Second, Twenty-Third, Twenty-Fifth, and Twenty-Sixth

Claims are dismissed.  Plaintiff's motion for interlocutory appeal is denied.

## I.  Background and Standard of Review

The factual background of this case is set forth in this Court's Memorandum and

Order dated October 13, 2010.  *Bishop v. Best Buy Co., Inc., et al.*, No. 08 Civ. 8427

(LBS), 2010 WL 4159566 (S.D.N.Y. Oct. 13, 2010).

"Reconsideration of a previous order by the court is an extraordinary remedy to

be employed sparingly in the interests of finality and conservation of scarce judicial

resources."  *Hinds Cnty., Miss. v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 407

(S.D.N.Y. 2010) (internal quotation marks omitted).  "The major grounds justifying

reconsideration are "an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl.*

*Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal

quotation marks omitted).  "The standard for granting such a motion is strict, and

reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked—matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The moving party "may not advance new

facts, issues or arguments not previously presented to the Court." *Aikman v. Cnty. of Westchester*, 691 F. Supp. 2d 496, 498 (S.D.N.Y. 2010) (internal quotation marks omitted).  A motion for reconsideration "is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

The legal standard governing motions to certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) will be discussed *infra* Part II.C.

## II.  Discussion

### A.  Plaintiff's Motion for Reconsideration

#### i.   Plaintiff's Fourth Amendment Claims under 42 U.S.C. § 1983

Plaintiff argues that this Court wrongly found that Defendants Morales and Green had probable cause to ask to see his sales receipt because the Court mistakenly assumed that Defendants Troupas, Quiles, Placek, Legister, and Larsen (the "Best Buy employees") requested his sales receipt because they suspected him of shoplifting.  He argues that this Court relied on facts outside the Complaint and overlooked certain allegations in the Complaint that allegedly disprove these assumptions.  Pl. Mem. Supp. Mot. Reconsideration at 7–11; Compl. ¶¶ 44, 50, 51.[1]  Therefore, he argues, this Court's dismissal of his Fourth Amendment claims constitutes clear error.

Plaintiff is mistaken.  This Court carefully considered the factual allegations made in paragraphs, 44, 50, and 51 of Plaintiff's Complaint, and its decision does not state or

---

[1] All citations to the Complaint refer to the First Amended Verified Complaint filed on February 10, 2009.

rely upon the assumption that Plaintiff was accused of shoplifting.[2]  *See Bishop*, 2010 WL 4159566, at *1 (citing Compl. ¶ 44); *6 (citing Compl. ¶¶ 50–60).  This Court ruled that Defendants Morales and Green's own information and observations gave them probable cause to question Plaintiff and ask to see his sales receipt.  They were called to the Best Buy store by Plaintiff, who called 9-1-1 "in connection to" being allegedly "attacked by a mob of Best Buy employees . . . ."  Pl. Mem. Supp. Mot. Reconsideration at 2; Compl. ¶ 48.  Plaintiff claims that this Court improperly assumed that the 9-1-1 call mentioned shoplifting, but does not and cannot cite any such language in the Court's October 2010 Order.  Therefore, Plaintiff's citation of *United States v. Colon*, 250 F.3d 130, 138 (2d Cir. 2001) is inapposite.

When Defendants Morales, Green, and the other police officers responding to Plaintiff's 9-1-1 call ("Police Officer Defendants") arrived at the Best Buy store, Plaintiff alleges that Defendants Morales and Green conferred with the Best Buy employees, Compl. ¶ 50, and after a request from Best Buy, asked Plaintiff to see his sales receipt.  Compl. ¶¶ 51–52.  In other words, Defendants Green and Morales had been told that the Best Buy employees had a physical altercation with Plaintiff concerning his sales receipt.  These facts alone were "sufficient in themselves to warrant a man of reasonable caution

---

[2] Plaintiff cites the following language in this Court's Order: "The fact that at least seven store employees were so concerned about a shopper leaving the store without showing his receipt that they would pummel him by fist to prevent him from leaving . . . would warrant a man of reasonable caution in the belief that an offense has been or is being committed ... and that evidence bearing on that offense will be found in the place to be searched."  *Bishop*, 2010 WL 4159566, at *10 (internal quotation marks and citations omitted).  Plaintiff maintains that this language assumes facts which he claims never took place—that the Best Buy employees allegedly assaulted Plaintiff because of their concern about the receipt and believed that he was shoplifting.  Pl. Mem. Supp. Mot. Reconsideration at 15.  These conclusions are mistaken.  First, Plaintiff misreads this language, which makes no inferences about the beliefs of the Best Buy employees; it indicates that the *officers'* knowledge of the Best Buy employees' *actions* regarding the receipt—not any accusations of shoplifting—supported the officers' finding of probable cause to ask to see Plaintiff's sales receipt.  Second, the cited language recounts that the Best Buy employees assaulted Plaintiff based on their concern about the receipt, not any suspicion of shoplifting.  Plaintiff's own allegations claim that the Best Buy employees attacked him because Plaintiff left the store without showing his receipt.  Compl. ¶¶ 44–47.

in the belief that an offense has been or is being committed . . . , and that evidence bearing on that offense will be found in the place to be searched." *Safford United Sch. Dist. No. 1 v. Redding*, 129 S.Ct. 2633, 2639 (2009) (internal quotation marks omitted). Plaintiff's sales receipt constituted that evidence, and Defendants Green and Morales' request to see it was part of the normal course of a police investigation.

None of Plaintiff's allegations contradict this conclusion. To claim that Defendants Morales and Green did not have probable cause to detain him and that he was never accused of shoplifting, Plaintiff cites his allegation that the Best Buy employees informed him that he was not being charged with a crime. Compl. ¶ 44. However, Plaintiff himself alleges that this exchange took place before the police officers arrived. Therefore, it had nothing to do with whether the officers had probable cause to question him and ask to see his sales receipt. In any event, a statement by a complainant that he or she does not intend to press charges does not dissipate probable cause, because the decision to prosecute rests with the Government, not with the complainant.[3] *See Rutigliano v. City of New York*, No. 07 Civ. 4614 (JSR), 2008 WL 110946, at *3 (S.D.N.Y. 2008) (statement that alleged victim was not pressing charges does not establish that probable cause dissipated); *United States v. Sanders*, 211 F.3d 711, 716 (2d Cir. 2000) ("[T]he decision as to whether to prosecute generally rests within the broad

---

[3] *See also Rakun v. Kendall Cnty., Tex.*, No. SA-06-CV1044-XR, 2007 WL 2815571, at *20 n.27 (W.D. Tex. 2007) (victims' decision not to press charges does not show lack of probable cause because charges are "filed in the name of the state, not a complainant, and the prosecutor, not the victim, determines whether someone will be charged."). While *Rutigliano* and *Rakun* involved determinations of probable cause for arrest, these rules apply with equal force to determinations of probable cause for questioning, since the "reasonableness" standard for an investigative stop is "rather lenient" and lower than the probable cause standard for an arrest. *United States v. Grant*, 427 F. Supp. 45, 48–49 (S.D.N.Y. 1976). Plaintiff does not cite any authority to the contrary; his citation of *Gilles v. Repicky*, 511 F.3d 239 (2d Cir. 2007), is inapposite because he has failed to adequately plead that his initial stop and investigative detention "had evolved into a situation indistinguishable from an arrest." *Id.* at 246. The facts in *Gilles* are readily distinguishable; in that case, the defendant was detained for an hour, handcuffed for a short period, directed to accompany the questioning officers to the police station, and then detained for another hour and a half. Defendants Morales and Green's request to see Plaintiff's sales receipt is not remotely comparable.

discretion of the prosecutor . . . .").  Plaintiff wrongly assumes otherwise without citing any relevant authority.[4]

Next, Plaintiff contends that upon arrival at the scene, Defendants Green and Morales had a discussion with the Best Buy employees, Compl ¶ 50, and that Defendant Green informed Plaintiff that Best Buy was not pressing charges against Plaintiff. Compl. ¶ 51.  Plaintiff argues that Best Buy's alleged decision not to press charges dissipated any probable cause, and therefore Defendants Morales and Green no longer had the right to question him or seek to see his sales receipt.  Again, Plaintiff's assumption that a complainant's decision not to press charges dissipates probable cause is incorrect.

Plaintiff's motion for reconsideration with respect to his Fourth Amendment claims under 42 U.S.C. § 1983 is denied.

### ii.   Plaintiff's Fourteenth Amendment Claims under 42 U.S.C. § 1983

Plaintiff argues that this Court erroneously dismissed his Fourteenth Amendment claims based on the conclusion that the Police Officer Defendants had probable cause to detain and question him in response to his 9-1-1 call alleging a group assault.  He contends that his Fourteenth Amendment claim is actually based on Defendants Morales and Green' continued questioning and alleged seizure of his sales receipt after learning that Best Buy Defendants did not intend to press charges against him.  For the reasons stated *supra* Part II.A.i, these arguments are meritless.

---

[4] Plaintiff cites *Russell v. Eighty Fourth Precinct*, No. 03 Civ. 6179, 2004 WL 2504646 (E.D.N.Y. Nov. 8, 2004), a case not binding on this District, for the proposition that it is a "pre-requisite" for probable cause that police officers be advised of a crime.  Pl. Mem. Supp. Mot. Reconsideration at 13.  Plaintiff is mistaken; *Russell* actually states that "[g]enerally, when an officer is advised of a crime by a victim or an eyewitness, probable cause exists."  2004 WL 2504646 at *3.  Probable cause may arise through other sources of "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."  *Id.* (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

Plaintiff's motion for reconsideration with respect to his Fourteenth Amendment claims is denied.

### iii.    Plaintiff's § 1983 Claims and the State Action Requirement

Plaintiff first argues that his claim of state action under § 1983 was improperly dismissed because this Court refused to credit his allegations that the Best Buy Defendants were clothed with state authority and were deputized by the City of New York in a paid detail program.  *See* Compl. ¶¶ 267–70.  Second, Plaintiff claims that this Court overlooked his allegation that the Best Buy employees instructed Defendants Morales and Green to inspect Plaintiff's sales receipt.  These contentions are without merit.

Plaintiff's first argument misapprehends this Court's basis for dismissing his allegations of a paid detail program and the applicable standards under Fed. R. Civ. P. 8(a) and 12(b)(6).  In *Ashcroft v. Iqbal*, the Supreme Court announced two principles underpinning the scrutiny of a plaintiff's allegations on a Rule 12(b)(6) motion.  129 S.Ct. 1937 (2009).  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 1949.  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . .where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

7

Plaintiff's allegations of a paid detail program fail both tests.  He alleges that "through the Paid Detail Program or some other program, New York police officers are place[d] throughout Best Buy stores to assist, aid, and promote Defendant Best Buy's asset protection and loss prevention programs, policies, and practices."  Compl. ¶ 69. Even if accepted as true, this allegation has no bearing on the conduct of the Police Officer Defendants.  Plaintiff does not allege that the Police Officer Defendants were previously detailed to the Best Buy store or themselves involved in any paid detail program or agreement.  Moreover, the police officers arrived at the store in response to a 9-1-1 call placed by Plaintiff, not Best Buy.  Compl. ¶ 48.  Therefore, this allegation fails to adequately plead liability even if accepted as true.

To save his allegations, Plaintiff next claims that "[a]s a direct and proximate cause of Defendants['] agreement under the Paid Detail Program or some other agreement, Defendants GREEN and MORALES were predisposed, biased, and took the side of BEST BUY . . . not fil[ing] criminal charges against Defendants . . . ."  Compl. ¶¶ 70–71.  These allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." *Iqbal*, 129 S.Ct. at 1950.  Plaintiff does not allege that Defendants Green and Morales—or any of the other Police Officer Defendants—were actually enrolled in a paid detail program, and fails to allege or explain how the mere existence of such a program would engender bias among police officers not enrolled in it.  In other words, this Court dismissed Plaintiff's allegations of a paid detail program not because it refused to accept them as true, but because we determined that these allegations "stop[] short of the line between possibility and plausibility of entitlement to relief[,]" even if accepted as true.  *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

Given Plaintiff's failure to plausibly allege unconstitutional state action on the part of the Police Officer Defendants, he has no basis for claiming that Defendant the City of New York created any policies or performed any actions which harmed him or violated his civil rights.

Plaintiff's second argument for state action portrays Defendants Morales and Green's request to see Plaintiff's sales receipt as an act performed at the behest of Best Buy. Plaintiff alleged in his Complaint that the Best Buy employees "requested" the police officers to examine his sales receipt, Compl. ¶ 51, but now claims that the Best Buy employees "instructed" the police officers to do so. Pl. Mem. Supp. Mot. Reconsideration at 24. Here Plaintiff embellishes, and thereby misrepresents, his factual allegations.[5] Even if this Court accepted Plaintiff's argument, it would nevertheless fail the stringent requirements for state action under § 1983. State action can be found "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). The Second Circuit has noted that "the Supreme Court has narrowed the scope of its state-action jurisprudence" so that "the Court has found on more than one occasion that an entity was not engaged in state action even though it was extensively regulated, obtained governmental approval, received substantial governmental assistance, and performed an important societal function." *Khulumani v. Barclay Nat'l Bank Ltd.*, 504

---

[5] The Court also notes that Defendants Morales and Green's independent observations gave them ample reason to believe "that a theft had been committed, and that Plaintiff's sales receipt would bear on that offense." *Bishop*, 2010 WL 4159566, at *10. Therefore, Defendants Morales and Green's request to examine Plaintiff's sales receipt was a wholly routine part of their independent police investigation, regardless of what Best Buy may have requested. The mere allegation that the Best Buy Defendants asked Defendants Morales and Green to examine the receipt does not establish that Morales and Green performed that act under Best Buy's direction or instruction.

F.3d 254, 314 (2d Cir. 2007) (quoting 1 Martin A. Schwartz, *Section 1983 Litigation: Claims and Defenses* § 5.12, at 5-88 (4th ed.2003)).  In light of the strict requirements for finding state action, and the failure of Plaintiff's allegations of a paid detail program, Plaintiff cannot plausibly assert against the weight of all authority that the single act of examining Plaintiff's sales receipt transformed Best Buy's receipt verification policy into state action.

Plaintiff's motion for reconsideration of this Court's finding of no state action under 42 U.S.C. § 1983 is denied.

### iv.    Plaintiff's Thirteenth Amendment and 42 U.S.C. § 1985(3) Claims

Plaintiff argues that this Court's dismissal of his Thirteenth Amendment claims was improper because the Court misconstrued his claims as being based on allegations of compulsory labor, when they were actually based upon Plaintiff being subjected to the badges and incidents of slavery.  Plaintiff here misreads this Court's opinion, which stated that "Plaintiff does not allege that he was forced to work" and based its dismissal on his failure to allege a practice amounting to the badges and incidents of slavery. *Bishop*, 2010 WL 4159566, at *11.

Next, Plaintiff argues that he has adequately pleaded claims regarding the badges and incidents of slavery because Congress has the power to pass statutes abolishing the badges and incidents of slavery under Section 2 of the Thirteenth Amendment; 42 U.S.C. § 1985 is such a statute; and Plaintiff has pleaded claims under this statute.  Defendants argue that Plaintiff has improperly asserted his claims of the badges and incidents of slavery under the Thirteenth Amendment itself, noting that only claims of actual servitude can be raised under the Amendment.  However, Plaintiff correctly notes that his

Thirteenth Amendment claims of the badges and incidents of slavery are alleged under §

1985(3).  Compl. ¶¶ 157–64, 183; *see Palmer v. Thompson*, 403 U.S. 217, 227 (1971)

(Thirteenth Amendment does not authorize courts to outlaw conduct allegedly

constituting badges and incidents of slavery if Congress has not passed laws banning

conduct).  In adjudicating Plaintiff's Thirteenth Amendment claims, this Court dismissed

them as predicate claims under § 1985(3).  Accordingly, Plaintiff's arguments for

reconsideration of his Thirteenth Amendment claims will be considered under § 1985(3).

Plaintiff now argues that this Court's dismissal of his 42 U.S.C. § 1985(3) claims

was improper for four reasons.  First, he claims that this Court only considered his claims

against the Best Buy employees and the Police Officer Defendants, when his claims were

also alleged against the City of New York and the Best Buy corporate entities.  Plaintiff

misreads this Court's Order, which held that Plaintiff had not only failed to allege any

facts showing a meeting of the minds between the individual City and Best Buy

Defendants, but also insufficiently pleaded any cooperative policing agreement between

the corporate Defendants.  *Bishop*, 2010 WL 4159566 at *13; *see also supra* Part II.A.iii.

Second, Plaintiff claims that this Court improperly based the dismissal of his §

1985(3) claims on his allegations of a retail sales contract, which he pleaded under his §

1981(b) claims.  Again, Plaintiff misreads this Court's Order, whose plain text states that

his allegations of a contract regarding cooperative policing, Compl. ¶¶ 69–89, not the

retail sales contract, are insufficient for § 1985(3) liability.  The section of the Order

discussing Plaintiff's § 1985(3) claims makes no mention of any retail sales contract or

his § 1981(b) claims.  *Bishop*, 2010 WL 4159566 at *13.  Plaintiff elaborates on his

argument with a discussion of the legislative history of § 1981, but these considerations have no relevance to this Court's disposition of his § 1985(3) claims.

Third, Plaintiff argues that he has pleaded violations of the Thirteenth Amendment and § 1985(3) by alleging that Best Buy's receipt verification policy is practiced in a racially discriminatory manner reminiscent of the Jim Crow South, and thus amounts to the badges and incidents of slavery.  Compl. ¶¶ 161–63.   To plead liability under § 1985(3), Plaintiff was required to allege facts showing that "a meeting of the minds" took place between Defendants.  *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003).  This Court held in the October 2010 Order that he had failed to adequately plead such allegations.  *Bishop*, 2010 WL 4159566 at *13; *cf.* Compl. ¶¶ 77, 183.  Moreover, this Court held that his other claims of a paid detail program or agreement between Best Buy and the City of New York are inadequately pleaded.  *See supra* Part II.A.iii.  On the instant motion for reconsideration, Plaintiff merely rehashes his earlier arguments in an attempt to relitigate this action.  He adds that this Court nowhere cited the phrase "Jim Crow" included in the Complaint, but this phrase does not, by itself, impose liability under the Thirteenth Amendment or § 1985(3), especially if the plaintiff has failed to adequately allege a conspiracy.

Finally, Plaintiff claims a right to freely travel, allegedly protected by the Thirteenth Amendment and the First Amendment, and maintains that Defendants violated this right and are liable under § 1985(3).  Compl. ¶ 182.  Plaintiff is mistaken.  Neither the Thirteenth Amendment nor the First Amendment protects a right to freely travel; the Thirteenth Amendment only protects "the right of *interstate* travel" which is not implicated here.  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993)

(emphasis added).  The right to travel "is a part of the liberty of which the citizen cannot be deprived without the due process of law under the Fifth Amendment."  *Kent v. Dulles*, 357 U.S. 116, 125 (1958) (internal quotation marks omitted).  In any event, these arguments are again defeated by Plaintiff's failure to sufficiently allege a conspiracy under § 1985(3).

Plaintiff's motion for reconsideration with respect to his Thirteenth Amendment and 42 U.S.C. § 1985(3) claims is denied.  With the denial of Plaintiff's motion for reconsideration in its entirety, this Court's dismissal of all federal claims against the Police Officer Defendants and Defendant the City of New York (the "City Defendants") remains undisturbed.  Accordingly, this Court declines to exercise supplemental jurisdiction with respect to Plaintiff's state claims alleged against the City Defendants, who are dismissed from this action.[6]

### B.  Defendants' Motion for Reconsideration

The Best Buy Defendants' motion for reconsideration urges this Court to dismiss Defendants Best Buy Co., Inc., and (Fict) Best Buy Co. of Minnesota from this action,

---

[6] Having dismissed all federal claims against the City Defendants, this Court could retain jurisdiction over the state claims as alleged against the City Defendants only through the doctrine of pendent party jurisdiction.  The relevant statute, 28 U.S.C. § 1367(c), makes pendent party jurisdiction "possible where the claim in question arises out of the same set of facts that give rise to an anchoring federal question claim against another party."  *Kirschner v. Klemons*, 225 F.3d 227, 239 (2d Cir. 2000).  "[T]he discretion implicit in the word 'may' in subdivision (c) of § 1367 permits the district court to weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to litigants."  *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994).  Here, this Court has found that Plaintiff's allegations of a contract, conspiracy, or cooperation between the City and Best Buy Defendants are inadequately pleaded and meritless.  All of Plaintiff's federal claims against the City Defendants are similarly meritless.  Any state law claims raised against the City Defendants would involve different legal issues, facts, conduct, and evidence from those remaining against the Best Buy Defendants; they would implicate the conduct of police officers and issues of probable cause to question Plaintiff, rather than an alleged discriminatory receipt-checking policy and the actions of the Best Buy employees.  Retaining jurisdiction over state claims alleged against the City Defendants would not provide significant benefits with respect to judicial economy and convenience, but it would be manifestly unfair to force the City Defendants to remain in a proceeding where all the factual claims against them have been inadequately alleged.

and dismiss Claims Seven, Eight and Ten through Twenty-Six of Plaintiff's Complaint. Plaintiff has withdrawn Claims Seven, Eight, and Twenty-Four of his Complaint.

i.    **Defendants Best Buy Co., Inc. and (Fict) Best Buy Co. of Minnesota**

In the October 13, 2010 Order, this Court ruled that Plaintiff's failure to name Best Buy Stores, L.P. as a defendant did not constitute grounds for dismissal of the case. *Bishop*, 2010 WL 4159566, at *2–4.  The Best Buy Defendants now argue that the named Defendants Best Buy Co., Inc. and (Fict) Best Buy Co. of Minnesota should be dismissed from this action.  In support, they cite *Pierce v. City of Chicago*, No. 09 C 1462, 2010 WL 4636676 (N.D. Ill. Nov. 8, 2010), and *In re U.S. Ins. Grp., LLC*, 441 B.R. 294 (Bankr. E.D. Tenn. 2010).  The Court need not consider these arguments and cases, since Defendants offer them for the first time on their motion for reconsideration.

In any event, the cases cited by Defendants are inapposite.  *Pierce* involved a plaintiff who sought to add new parties as defendants when filing an amended complaint, not a plaintiff who incorrectly named a party as a defendant and later sought to substitute the correct party.  The court concluded that the plaintiff did not make a mistake of law or fact, since he "presumably knew of the existence of the Defendant he seeks to add at the time the original complaint was filed."  2010 WL 4636676 at *4.  In contrast, Plaintiff made a mistake of fact when he failed to name Best Buy Stores, L.P. as a Defendant.  *In re U.S. Insurance* applies the Sixth Circuit's standard restricting Fed. R. Civ. P. 15(c) to the substitution of misnamed parties.  441 B.R. at 297.  That standard does not apply in this Circuit, which allows application of the relation-back doctrine to added as well as substituted parties if the additional parties were mistakenly omitted from the original

complaint.  *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 37 (2d Cir. 1996) (plaintiff permitted to add defendants where he "did not know that he needed to name individual defendants, and his failure to do so, under the circumstances of this case, can be characterized as a 'mistake' for purposes of Rule 15(c)(3).").  Under *Soto*, the mere fact that Plaintiff wishes to add a party does not compel this Court to dismiss other parties, especially where Plaintiff has not yet amended his Complaint to substitute the correct party—Best Buy Stores, L.P.—for the incorrectly named Defendant or Defendants.

The Best Buy Defendants' motion for reconsideration with respect to Defendants Best Buy Co., Inc. and (Fict) Best Buy Co. of Minnesota is denied.  Plaintiff is granted leave to amend his Complaint solely to include Best Buy Stores, L.P. as a Defendant and substitute that entity for those Defendants who were incorrectly named in the original Complaint.  Plaintiff may not otherwise amend his Complaint, and in particular may not include additional claims against Defendants Best Buy Co., Inc. and (Fict) Best Buy Co. of Minnesota.  If the claims in the Complaint alleged against Best Buy corporate entities only lie against Best Buy Stores, L.P., Plaintiff must substitute that entity for those Defendants he named incorrectly, including Defendants Best Buy Co., Inc., and (Fict) Best Buy Co. of Minnesota.

### ii.   Plaintiff's Claim under N.Y. Civ. Rights Law § 40

Defendants argue on their motion for reconsideration that both 42 U.S.C. § 2000a and N.Y. Civ. Rights Law § 40 require a finding of a public accommodation, and therefore, this Court's holding that Best Buy was not a public accommodation under 42 U.S.C. § 2000a compels dismissal of Plaintiff's claims under N.Y. Civ. Rights Law § 40. Defendants are mistaken.  "The definition of the phrase 'a place of public

accommodation' under Section 2000a . . . is not the same as the definition of the term under the NYCRL." *Bary v. Delta Airlines, Inc.*, No. CV-02-5202 (DGT), 2009 WL 3260499, at *7 n.9 (E.D.N.Y. Oct. 9. 2009).  "New York courts . . . have interpreted the public accommodations statute liberally, and have found many institutions and businesses that hold themselves open to public access to be public accommodations." *Nevin v. Citibank*, 107 F. Supp. 2d 333, 348 (S.D.N.Y. 2000).  Defendants have not demonstrated that these differences are not applicable to the instant case.

The Best Buy Defendants' motion for reconsideration is denied with respect to Plaintiff's claim under N.Y. Civ. Rights Law § 40.

### iii.    Plaintiff's Claims of Negligent Hiring, Training, and Supervision

In an argument previously overlooked by this Court, Defendants argue that Plaintiff's Sixteenth Claim for negligent hiring, his Seventeenth Claim for negligent training, and his Eighteenth Claim for negligent supervision fail because he has not alleged that the employer knew or should have known of the employee's propensity for the conduct which allegedly caused the injury.  Pl. Mem. Supp. Mot. D. at 34.  In reply, Plaintiff cites his factual allegation that Defendants Best Buy and the City of New York "know to a moral certainty" that individuals enforcing the receipt verification policy will act upon their personal prejudices, that they have a history of wrongfully detaining African Americans, that their exercise of discretion "will amount to a denial of equal protection of the law," that African Americans are detained in numbers that suggest intentional discrimination is taking place, that training and supervision would remedy these problems, and that the failure to train "amounts to deliberate indifference" by Defendants to the rights of individuals.  Compl. ¶ 75; *see also* Compl. ¶¶ 220–31.  With

respect to his negligent training claim, Plaintiff also cites his factual allegations that Best Buy and the City of New York "have not adequately monitored the conduct of" their employees and police officers; that African Americans are discriminated against "on a daily basis" by the policies of Best Buy and the City; and that the vast majority of individuals stopped and questioned by the New York City Police Department are law-abiding.  Compl. ¶¶ 65, 82, 86.

These allegations, however, are not sufficient to survive a motion to dismiss. Claims of negligent training, hiring, or supervision "must be supported by evidence showing that the employer knew or should have known of the employee's propensity for the conduct which caused the injury."  *Higazy v. Millenium Hotel & Resorts*, 346 F. Supp. 2d 430, 454 (S.D.N.Y. 2004) (internal quotation marks and citation omitted), *aff'd in part, rev'd in part on other grounds sub nom. Higazy v. Templeton*, 505 F.3d 161 (2d Cir. 2007).  Here, Plaintiff's claims are couched entirely in the abstract.  They fail to allege any facts showing that the particular Best Buy employees and Police Officer Defendants who actually confronted him had the propensity to violate Plaintiff's civil rights, or that Best Buy and the City had actual or constructive notice of such propensity. His allegations that all Best Buy employees and police officers show such propensities are facially implausible "labels and conclusions," and his contention that the alleged conduct was unlawfully discriminatory is "a formulaic recitation of the elements of a cause of action" that "will not do" on a motion to dismiss.  *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).

The Best Buy Defendants' motion for reconsideration is granted with respect to Plaintiff's Sixteenth Claim alleging negligent hiring, his Seventeenth Claim alleging

negligent training, and his Eighteenth Claim alleging negligent supervision.  All three claims are dismissed.

### iv.  Plaintiff's Claim of Negligence Per Se

"As a rule, violation of a State statute that imposes a specific duty constitutes negligence per se . . . ."  *Elliott v. City of New York*, 747 N.E.2d 760, 762 (N.Y. 2001). In an argument previously overlooked by this Court, the Best Buy Defendants point out that Plaintiff's Nineteenth Claim, alleging negligence per se, fails to cite any statute imposing a specific duty to protect Plaintiff that Defendants breached.  Pl. Mem. Supp. Mot. D. at 36.  In reply, Plaintiff asserts for the first time in this litigation that Best Buy violated the Security Guard Act of 1992, N.Y. Gen. Bus. Law § 89-n, by failing to ensure that its security guards were properly trained and licensed.  This argument is not properly before the Court, since Plaintiff failed to raise it in his Complaint or on the motions to dismiss.

The Best Buy Defendants' motion for reconsideration is granted with respect to Plaintiff's Nineteenth Claim, which is dismissed.

### v.  Plaintiff's Claim of Negligence

The Best Buy Defendants argue that Plaintiff's claim for negligence should be dismissed because his allegations in support of that claim merely repeat his allegations for negligent supervision and training.  Plaintiff claims that this is a new argument not permitted on a motion for reconsideration, but he is mistaken.  The Best Buy Defendants advanced this argument in their motion to dismiss the Complaint, and the Court overlooked it.  Pl. Mem. Supp. Mot. D. at 33.

Plaintiff alleges that he was a business invitee of Best Buy, Compl. ¶ 209, that the latter owed him a duty to protect him against all known dangers on the property, and that Best Buy breached this duty by assigning untrained personnel to enforce its receipt verification policies and failing to adequately train these employees.  In other words, Plaintiff incorporates his separate allegations of negligent supervision and training into his negligence claim, to supply his theory of how Best Buy breached the duty it owed to him as a business invitee.  Because his negligent supervision and training claims are inadequately pleaded, *see supra* Part II.B.iii, they also fail to adequately plead a breach of the duty Plaintiff has pleaded under his negligence claim.

The Best Buy Defendants' motion for reconsideration is granted with respect to Plaintiff's Eleventh Claim, which is dismissed.

### vi.    Plaintiff's Claim of Trespass to Chattels

In New York, a claim of trespass to chattels must "prove the following four elements: (1) defendants acted with intent, (2) to physically interfere with (3) plaintiffs' lawful possession, and (4) harm resulted."  *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 359 (S.D.N.Y. 2009).  Plaintiffs who "have not alleged harm to the condition, quality or material value of the chattels at issue . . . have thus failed to plead an essential element of their purported cause of action."  *"J. Doe No. 1," et al., v. CBS Broad., Inc., et al.*, 806 N.Y.S.2d 38, 39 (N.Y. App. Div. 2005).  In an argument previously overlooked by this Court, Defendants argue that Plaintiff fails to allege any harm to the physical condition, quality or value of the camera and bottle of water he purchased from Best Buy.  Pl. Mem. Supp. Mot. D. at 37.  Plaintiff argues that bodily harm caused to the possessor of a chattel creates liability under the tort of trespass to chattels, citing

Restatement (Second) of Torts, § 218(c).  However, "[t]he Restatement of the Law is not binding."  *Thorn v. Stephens*, 646 N.Y.S.2d 597, 599 n.2 (N.Y. Sup. Ct. 1995).  Only "where the relevant law is interstitial" may courts look for guidance to Restatements of Law and other such sources."  *Am. Record Pressing Co. v. U.S. Fid. & Guar. Co.*, 466 F. Supp. 1373, 1379 (S.D.N.Y. 1979).  Here, a claim of trespass to chattels under New York law must allege harm to the condition, quality, or value of the chattel, and Plaintiff has failed to make such allegations.

The Best Buy Defendants' motion for reconsideration is granted with respect to Plaintiff's Twenty-Second Claim, which is dismissed.

### vii.   Plaintiff's Breach of Contract Claim

The Best Buy Defendants argue that Plaintiff's breach of contract claim fails because this Court found elsewhere in the October 2010 Order that Plaintiff had failed to adequately allege the existence of a contractual relationship between Plaintiff and Defendants.  The Court so ruled in dismissing Plaintiff's claim under the "make and enforce contracts" clause of 42 U.S.C. § 1981.  *Bishop*, 2010 WL 4159566 at *4–5. Plaintiff responds that his breach of contract relied not only on the retail sale contract between him and Best Buy—a contract which concluded upon Plaintiff's purchase of the goods—but also upon his alleged status as a third-party beneficiary of a paid detail contract between Best Buy and the City of New York.  As discussed *supra* Part II.A.iii, this Court held that Plaintiff's allegations of a paid detail contract are inadequately pleaded.  Therefore, Plaintiff may not invoke these allegations in an attempt to preserve his breach of contract claim.

The Best Buy Defendants' motion for reconsideration is granted with respect to Plaintiff's Twenty-Fifth Claim, which is dismissed.

### viii.    Plaintiff's Claim under N.Y. Gen. Bus. Law § 218

Section 218 of New York's General Business Law provides that in "any action for false arrest, false imprisonment, unlawful detention, defamation of character, assault, trespass, or invasion of civil rights" brought by an individual stopped at a retail establishment for investigation or questioning concerning "ownership of any merchandise . . . it shall be a defense to such action that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning" and that the person detailing the individual "had reasonable grounds to believe that the person so detained was . . . committing or attempting to commit larceny on such premises of such merchandise . . . ."  N.Y. Gen. Bus. Law § 218.  Plaintiff's Twenty-Sixth Claim purports to allege a cause of action against Defendants based on this statute.  In an argument previously overlooked by this Court, Defendants point out that the statute does not create a cause of action against the retail establishment; it only creates an affirmative defense for the retail establishment against claims alleged by accused shoplifters.  Pl. Mem. Supp. Mot. D. at 39.

In reply, Plaintiff cites a 1960 statement by New York State Assemblyman Donald A. Campbell that merchants who do not comply with the requirements of Section 218 are liable to legal action without the help afforded by the statute.   Plaintiff also cites *Keefe v. Gimbel's*, 478 N.Y.S.2d 745 (N.Y. Cnty. Ct. 1984), for the proposition that Section 218 creates a private cause of action for accused shoplifters.  These arguments are without merit.  The court in *Keefe* did not create a private cause of action under

Section 218; instead, it refused to allow the defendant to invoke the Section 218 defense for a negligence claim because such claims are not covered by the statute.  478 N.Y.S.2d at 749.  Similarly, the excerpt Plaintiff cites from the legislative history merely reaffirms the fact that Section 218 imposes certain requirements that merchants must meet to invoke the statute's affirmative defense.  Nothing in the statute or in the cases and legislative history provided by Plaintiff indicate that a private right of action exists or should be inferred for Section 218.

The Best Buy Defendants' motion for reconsideration is granted with respect to Plaintiff's Twenty-Sixth Claim, which is dismissed.

### ix.    Applicable Statute of Limitations

The Best Buy Defendants argue that Plaintiff's Twelfth Claim for false arrest, Thirteenth Claim for false imprisonment, Fourteenth Claim for battery, Fifteenth Claim for assault, Twentieth Claim for intentional infliction of emotional distress, and Twenty-Third Claim for *prima facie* tort must all be dismissed as barred by a one-year statute of limitations.  *See* N.Y. C.P.L.R. § 215(3).  This Court held that these claims were subject to a six-year statute of limitations because Plaintiff had submitted claims for equitable as well as monetary relief.  *Bishop*, 2010 WL 4159566 at *15 (citing N.Y. C.P.L.R. § 213(2); *Cooper v. Parsky*, 140 F.3d 433, 440–41 (2d Cir. 1988); *Loengard v. Santa Fe Indus.*, 514 N.E.2d 113 (N.Y. 1987)).  However, Defendants correctly point out that the six-year period only applies to tort claims based upon a contractual obligation or liability, express or implied, whereas Plaintiff's claims are based upon alleged intentional torts.  N.Y. C.P.L.R. § 213(2) (six-year period applies to "an action upon a contractual obligation or liability, express or implied . . . ."); *Loengard*, 514 N.E.2d at 115 (whether

breach of fiduciary duty claim is tort or contract depends on source of duty); *Cooper*, 140 F.3d at 441; *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 272 (N.Y. 2009) (same).

As noted *supra*, this Court held in its October 2010 Order that Plaintiff has not adequately alleged the existence of a contractual relationship between Plaintiff and Defendants when the conduct Plaintiff alleges occurred. *Bishop*, 2010 WL 4159566 at *4–5. Plaintiff now claims that the alleged paid detail contract between Best Buy and the City of New York, and his alleged status as a third-party beneficiary of that contract, provide a basis for invoking the six-year statute of limitations. However, as held *supra* Part II.A.iii, Plaintiff has not adequately alleged his contention that a paid detail contract existed, much less that he was a third-party beneficiary of it. This Court's conclusion that N.Y. C.P.L.R. § 213(2) afforded Plaintiff recourse to a six-year statute of limitations does not accord with this Court's finding that Plaintiff has failed to adequately allege that a contract existed between Plaintiff and Best Buy when the alleged conduct occurred.

Plaintiff may not avail himself of the six-year statute of limitations by the mere pleading of equitable relief alongside money damages. "Where adequate legal and equitable remedies co-exist, the legal statute of limitations controls both—a plaintiff may not extend the limitations period on its damages claims by requesting equitable remedies." *In re Methyl Tertiary Buytl Ether Prods. Liab. Litig.*, No. 00-1898, MDL 1358 (SAS), 2007 WL 1601491, at *3 (S.D.N.Y. June 4, 2007) (citing *Colodney v. New York Coffee & Sugar Exch.*, 163 N.Y.S.2d 283, 286 (N.Y. App. Div. 1957); *Keys v. Leopold*, 149 N.E.828 (N.Y. 1925)); *see also MRI Broadway Rental, Inc. v. U.S. Mineral Prods. Co.*, 662 N.Y.S.2d 114, 117 (N.Y. App. Div. 1997) ("It is settled law that an

equitable remedy is not available to enforce a legal right that is itself barred by the statute of limitations.").

Plaintiff also argues that any statute of limitations should be tolled by the pendency of his complaint filed with the New York State Division of Human Rights ("NYSDHR"). However, even if Plaintiff's argument is accepted, tolling would not save his New York claims of intentional torts from the statute of limitations. Plaintiff's cause of action arose on August 20, 2005. Compl. ¶ 42. He filed his complaint with the NYSDHR on December 14, 2005, and it was dismissed for lack of jurisdiction on December 6, 2007. Compl. ¶ 26. Therefore, when Plaintiff filed his NYSDHR complaint, 116 days had already elapsed under the one-year statute of limitations. To preserve his New York intentional tort claims, he would have had to file this action by August 11, 2008, but he ultimately filed it on August 20, 2008. Plaintiff's claim to the contrary incorrectly assumes that limitations periods are calculated by months rather than by days. *See* N.Y. Gen. Constr. Law § 20 (describing how time periods are counted by days elapsed).

For these reasons, this Court's holding in the October 2010 Order that Plaintiff's Twelfth, Thirteenth, Fourteenth, Fifteenth, Twentieth, and Twenty-Third Claims are subject to a six-year statute of limitations constitutes clear error. Defendants' motion for reconsideration is granted with respect to Plaintiff's Twelfth, Thirteenth, Fourteenth, Fifteenth, Twentieth, and Twenty-Third Claims, which are dismissed.

## C.  Plaintiff's Motion for Interlocutory Appeal

Plaintiff seeks to certify four questions to the Second Circuit. First, after the completion of an investigative stop by police officers which failed to uncover evidence of

a crime, did the subsequent and continued detention of Plaintiff and seizure of his personal property violate the Fourth Amendment of the United States Constitution for lack of probable cause?  Second, under the "collective doctrine," must Defendants have possessed information that Plaintiff was a shoplifting suspect prior to questioning him, detaining him, and seizing his personal property?  Third, can the subjective belief of the Best Buy employees that Plaintiff may have committed an offense "be transferred and form" the police officers' objective belief of probable cause that Plaintiff was accused or suspected of shoplifting Best Buy's merchandise?  Pl. Mem. Supp. Mot. Interlocutory Rev. at 1.  Fourth, did Best Buy's instructions to the police officers to enforce Best Buy's store receipt inspection policy by detaining, seizing, and turning over Plaintiff's personal property to Best Buy amount to state action under color of law pursuant to 42 U.S.C. § 1983?

Under 28 U.S.C. § 1292(b), an appeal from an otherwise unappealable interlocutory order may be taken upon consent from both the district court and the court of appeals.  This statute "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals" and "is reserved for those cases where an intermediate appeal may avoid protracted litigation."  *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996).  A district court should certify an order for interlocutory appeal if the order (1) "involves a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Moreover, these criteria supply only "the minimum standard that movants must meet."  *United States ex rel. Colucci v. Beth Israel Medical Center*, No. 06 Civ. 5033 (DC), 2009 WL

4809863, at *1 (S.D.N.Y. Dec. 15, 2009).  "District court judges have broad discretion to deny certification even where the statutory criteria are met."  *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370–71 (S.D.N.Y. 2008).  Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978).  Plaintiff fails to meet all three prongs of the minimum threshold for an interlocutory appeal.

### i.    First Requirement: "Controlling Question of Law"

All four of Plaintiff's proposed questions concern this Court's application of governing law to the facts of the case.  Certification is not appropriate "for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts."  *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982).  "When the controlling issues are factual rather than legal, as here, section 1292(b) certification is unavailable."  *Genentech, Inc. v. Novo Nordisk A/S*, 907 F. Supp. 97, 99 (S.D.N.Y. 1995).  Here, Plaintiff attempts to reframe the factual issues in this case as questions of law by rephrasing his claims in the abstract, turning them into hypotheticals.  However, he has not demonstrated that these hypotheticals require the further resolution or elaboration of any legal questions.

Plaintiff's first question, asking whether police officers may continue to detain an individual after the completion of an investigative stop, depends on the factual conclusion that the investigative stop in this case concluded at some point before Defendants Morales and Green ceased questioning him—a conclusion not adopted by this Court.  Plaintiff's second question asks whether police officers must have possessed information

that Plaintiff was a shoplifting suspect before questioning him.  However, as discussed *supra* Part II.A.i, this Court found that according to Plaintiff's own claims, the Police Officer Defendants had such information based on their own observations.  Plaintiff's third question, asking whether the Best Buy employees' belief that Plaintiff committed an offense could supply the officers with a belief that probable cause existed, is only relevant if it is assumed that Defendants Morales and Green had no basis of their own for probable cause—an assumption that this Court rejected.  *See supra* Part I.A.i.  Finally, Plaintiff's fourth proposed question, asking whether Best Buy's "instructions" to the police officers to enforce the store's receipt verification policy amounted to state action, rests upon Plaintiff's misrepresentation of the facts rather than any question of law.  *See supra* Part II.A.iii.  In sum, Plaintiff's proposed questions for interlocutory appeal fail to raise genuine questions of law, and amount to simple disagreements with this Court's application of the law to the facts of the case.  As such, they fail § 1292(b)'s first requirement that the matters sought to be appealed involve a controlling question of law.

### ii.  Second Requirement: "Substantial Ground for Difference of Opinion"

Plaintiff has failed to demonstrate the existence of substantial grounds for a difference of opinion, failing § 1292(b)'s second requirement.   With regard to his Fourth Amendment claims, Plaintiff argues that such grounds exist by contending that Defendants Morales and Green detained him after they discovered no evidence of a crime; that the 9-1-1 operator never transmitted Plaintiff's statements to Defendants Green and Morales; and that neither Plaintiff nor Best Buy stated that Plaintiff was accused of shoplifting.  These arguments raise purely factual issues, resolved by this

Court on the motion to dismiss.  Plaintiff appears to assume that if he raises a pure question of law that meets the first prong of the § 1292(b) test, he may raise issues of fact under the second prong of substantial grounds for a difference of opinion.

Plaintiff is mistaken.  Leaving aside his failure to meet the first prong of the test, *supra* II.C.i, the plain text of § 1292(b) allows interlocutory appeal for "a controlling question *of law as to which* there is substantial ground for difference of opinion . . . ."  28 U.S.C § 1292(b) (emphasis added).  Moreover, those grounds "must arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order."  *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007).  Here, Plaintiff fails to cite any authority conflicting with this Court's holdings or supplying a legal standard incorrectly applied by this Court.  The cases he cites are not relevant unless it is first assumed that the factual disputes he raises are resolved in his favor, and again, interlocutory appeal is not suitable for factual disputes.  Therefore, Plaintiff has failed to adequately plead that a substantial difference of opinion exists regarding this Court's disposition of his Fourth Amendment claims.

Plaintiff asserts that this Court erred in dismissing his § 1983 claims because he had properly alleged that a contractual relationship existed between Best Buy and the City of New York, enlisting the former's security officers in a paid detail program with the New York City Police Department.  This purely factual dispute is nothing more than an attempt to relitigate his claims using the same arguments he advanced on the motion to dismiss.  *See supra* Part.II.A.iii.  "[A] party that offers only arguments rejected on the initial motion does not meet the second requirement of § 1292(b)."  *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005)

(internal quotation marks and citation omitted).  Plaintiff also cites his allegation that Defendants Morales and Green acted in concert with Best Buy when they requested Plaintiff's sales receipt, at one point misleadingly characterizing these requests as "orders."  Compl. ¶ 51; Pl. Reply Mem. Supp. Mot. Interloc. Appeal at 8.  However, as discussed *supra*, Plaintiff's argument for state action misrepresents the facts by portraying the police officers' routine investigation as somehow acting at the direction of Best Buy; and even if accepted, it fails to meet the Supreme Court's stringent test for state action under § 1983.  *See supra* Part II.A.iii.

Finally, the cases Plaintiff cites to support his state action arguments are inapposite.  In *Dennis v. Sparks*, the Supreme Court of the United States found that where a state court judge was bribed, "private parties conspiring with the judge were acting under color of state law," a narrow holding completely inapplicable to the instant case. 449 U.S. 24, 28 (1980).  In *Annunziato v. The Gan, Inc.*, the City of New Haven sold a school property to a religious corporation at a favorable price.  The court found no state action because there was "no evidence in the record that [the defendant] was involved in a conspiracy, preconceived plan, mutual understanding or concerted action with the City to gain the more favorable price."  744 F.2d 244, 251 (2d Cir. 1984) (internal quotation marks omitted).  Plaintiff has likewise failed to show any such conspiracy or preconceived plan with regard to the police officers' examination of his sales receipt. Plaintiff's § 1983 claims, like Plaintiff's Fourth Amendment claims, fail to meet the second prong for an interlocutory appeal.

### iii.   Third Requirement: Materially Advancing Termination of the Litigation

"[T]he requirement that an immediate appeal must materially advance the termination of the litigation is strictly construed." *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 54 (S.D.N.Y. 1998). "An immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or to shorten the time required for trial." *Id.* (internal quotation marks and citation omitted). In particular, if other claims "will continue regardless of the disposition of this issue, certification would not materially advance the termination of this litigation." *In re Payroll Exp. Corp.*, 921 F. Supp. 1121, 1126 (S.D.N.Y. 1996). Here, Plaintiff's claims under the "full and equal benefit" clause of 42 U.S.C. § 1981 will continue regardless of whether interlocutory appeal is granted. Therefore, Plaintiff fails to meet the third prong of the § 1292(b) test.

Plaintiff contends that interlocutory appeal would advance termination of the litigation because if this Court's October 2010 Order is reversed after the conclusion of proceedings, then the parties will have engaged in unnecessary discovery. However, this wholly speculative argument is a truism applicable to virtually every motion for interlocutory appeal, having no relationship to the facts of this case. Plaintiff also contends that an interlocutory appeal would allow him to obligate the City Defendants to participate in discovery, while denying appeal would force him to serve subpoenas on the City Defendants as non-party witnesses. The mere facilitation of Plaintiff's discovery requests cannot justify reinstating the threat of liability on a party dismissed from this action, given that Plaintiff's claims against the City Defendants are without merit.

Accordingly, Plaintiff has failed to meet the minimum requirements for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff's motion to so certify this Court's October 2010 Order is denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. Defendants' motion for reconsideration is granted with respect to Plaintiff's Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-Second, Twenty-Third, Twenty-Fifth, and Twenty-Sixth Claims, which are dismissed, and denied with respect to Plaintiff's other claims. Plaintiff has withdrawn his Seventh, Eighth, and Twenty-Fourth Claims. The City Defendants remain dismissed as parties to this action. Plaintiff's motion to certify this Court's Order of October 13, 2010 for interlocutory appeal to the United States Court of Appeals for the Second Circuit is denied. Plaintiff is granted leave to amend the Complaint solely to substitute Defendant Best Buy Stores, L.P. for incorrectly named Defendants Best Buy Co., Inc. and Best Buy Co. of Minnesota.

The parties are to advise the court in writing on or before October 15, 2011 as to their proposed schedule for further proceedings in this case.

SO ORDERED.

Dated:  September 8, 2011
        New York, NY

_____
U.S.D.J.